STEVEN L. DERBY, Esq. (SBN 148372)
CELIA MCGUINNESS, Esq. (SBN 159420)
ANTHONY GOLDSMITH, Esq (SBN 125621)
DERBY, McGUINNESS & GOLDSMITH, LLP
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone:  (510) 987-8778
Facsimile:  (510) 359-4419
info@dmglawfirm.com

Attorneys for Plaintiffs
SUSAN JEFFRIES AND GEORGE FITZGERALD

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN JEFFRIES and GEORGE FITZGERALD,<br><br>             Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND and DOES 1 through 20, Inclusive,<br><br>             Defendants. | CASE NO.<br><br>Civil Rights<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>1. **Violation of the Americans with Disabilities Act Title II**<br><br>2. **Violation of the Rehabilitation Act of 1973, Section 504**<br><br>3. **Violation of the Unruh Act [Cal. Civil Code § 51]**<br><br>4. **Denial of Full and Equal Access [Cal. Civil Code §§ 54 And 54.1]**<br><br>5. **Violation of Cal. Gov't Code 11135**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1. Plaintiffs SUSAN JEFFRIES and GEORGE FITZGERALD are among the estimated 35,000,000 Americans who suffer with hearing loss to such a degree that it substantially impacts their ability to understand and comprehend the spoken word. Plaintiff SUSAN JEFFRIES became hearing impaired around 1981 after she suffered significant hearing loss stemming from her love for motor cars, which she raced, built motors for, and repaired,

using loud hoses for tuning and other automobile mechanic functions. Ms. Jeffries' hearing began to deteriorate over the subsequent years. Ms. Jeffries' hearing loss required her to get cochlear implant surgery, and she now also wears a hearing aid in the other ear. Plaintiff GEORGE FITZGERALD suffered permanent hearing loss after a summer job in which he used a jack hammer without wearing ear protection. His hearing deteriorated gradually after that and Mr. Fitzgerald now wears hearing aids on both ears, every day.

2.  As such both are disabled persons entitled to effective communication in defendant's program of outdoor live theatre at the Woodminster Amphitheatre located at 3300 Joaquin Miller Road in Oakland, California (hereinafter "the Woodminster"). Despite repeated requests over a year's period of time, Plaintiffs have been denied their rights.

3.  Plaintiffs and many of those 35-plus million hearing-challenged Americans do not use sign language, and many have hearing losses significant enough that they cannot understand dialogue and especially song lyrics even with the volume-boosting assistive devices. Many live theaters across the country fill that gap by offering one or more captioned performances, in which the dialogue is put into text form and displayed visually in synch with the pace of the show. Defendant herein offers no such accommodation at the Woodminster.

4.  Plaintiff SUSAN JEFFRIES and Plaintiff GEORGE FITZGERALD each bring this lawsuit to enforce their rights to effective communication under the Americans with Disabilities Act, Title II, The Rehabilitation Act of 1973 and supplementary State laws.

**JURISDICTION**

5.  This Court has original jurisdiction of this action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§12101 *et seq*. (the "ADA") and Section 504 of the Rehabilitation Act of 1973 ("the Rehabilitation Act").

6.  The Judicial District of the United States District Court for the Northern District of California has supplemental jurisdiction over the State law claims alleged in this Complaint pursuant to 28 U.S.C. §1367(a). All the claims derive from a common nucleus of operative facts

and arose out of the same transactions. The State law claims are so related to the federal action that they form part of the same case or controversy and the actions would ordinarily be expected to be tried in one judicial proceeding.

## VENUE

7. Venue in the Judicial District of the United States District Court for the Northern District of California is in accordance with 28 U.S.C. §1391(b) because Plaintiffs' claims arose within this Judicial District and the property that is the subject of this action is located in this District in the City of Oakland, Alameda County, California.

## THE PARTIES

**8.** At all times herein relevant, Plaintiffs each are and were persons with a disability as defined in 42 U.S.C. § 12102 and California Government Code § 12926(l). Plaintiffs' hearing loss substantially limits a major life activity - hearing, including their ability to comprehend speech. Plaintiffs' status as persons protected under the ADA must be measured without regards to the ameliorative effect their hearing aids and cochlear implants, 42 U.S.C. § 12102(4)(e)(i)(I).

9. Defendants CITY OF OAKLAND and DOES 10, Inclusive (hereinafter sometimes "defendants"), are and were the owners, operators, lessors, and lessees of the Woodminster at all times relevant to this Complaint. Each of the subject areas, premises, and facilities complained of herein is owned and/or leased and/or operated by defendants and is a "public facility" and "public accommodation" subject to the requirements of Title II of the Americans With Disabilities Act of 1990, and of Government Code §§ 4450 *et seq.,* and of California Civil Code §§ 51, 52, 54, 54.1 and 55 *et seq*.

10. On information and belief, at relevant times Defendants DOES 1 through 20 were or are owners or co-owners of a real property interest in or to the Woodminster.

11. Defendants, and each of them, are the owners, operators, lessees and/or lessors of the Woodminster, as public accommodations open to the public under the laws of the United States and the State of California. They each operate as a business establishment under the laws of the State of California because they provide goods, services and facilities in exchange for

money.

12. Plaintiffs are informed and believe, and thereon allege, that Defendants and each of them were, at all times relevant to the action, the owner, operator, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein, including their managing agents and owners, gave consent to, ratified and/or authorized the acts alleged herein to each of the remaining Defendants.

13. Plaintiffs are informed, believe and thereupon allege that each of the defendants herein is the agent, employee or representative of each of the other defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other defendants in proximately causing the damages complained of herein.

14. Defendant CITY OF OAKLAND is a public entity subject to Title II of the Americans with Disabilities Act of 1990, the requirements of the Rehabilitation Act of 1973, the requirements of California state law requiring full and equal access to public facilities pursuant to Government Code §§ 11135 and 4450 et seq., and to all other legal requirements referred to in this Complaint.

15. On or about February 5, 2018, plaintiffs made a timely public entity claim to the City of Oakland, which claim was deemed denied by that entity under operation of law 45 days later, on March 23, 2018.

**STATEMENT OF FACTS**

16. The Woodminster is a community-based theatre program known as "Woodminster Summer Musicals" including musical productions such as "South Pacific" in August of 2017 and "Oklahoma!" in July 2018.

17. Plaintiffs purchased tickets for a production of the musical "South Pacific" at the Woodminster which was to take place on August 11, 2017.

18. Prior to attending that performance, Plaintiffs' requested that Woodminster Theatre provide assistive listening devices and/or other auxiliary aids and services to allow them to be able to hear and enjoy the production with their hearing loss/hearing impairment. They were informed that such devices, aids and services were not supplied by the venue.

19. Plaintiff SUSAN JEFFRIES followed up with agents of City of Oakland including an individual self-identified as "Ms. Wung", who informed Plaintiff that the City of Oakland does not provide auxiliary aids and services to facilitate effective communication at the venue.

20. Plaintiffs then returned to the Woodminster again on July 6, 2018 to see a performance of "Oklahoma!" They again purchased tickets and again asked for auxiliary aids and services to be able to understand and enjoy the performance but were once again told that the theatre had no such devices, aids or services and thus were denied any assistance.

21. Defendants as the owners and/or operators of the venue are obliged and required to provide equal access to its programs, services and activities such as the programs at this venue by, among other things, providing auxiliary aids and services to those with hearing loss/impairment who request such assistance. Defendants are further required to provide effective communication in the manner of communication that plaintiffs typically use, in this case, enhancement of the spoken word and/or live synchronized captioning,

22. Defendants failed and refuse to do so. As a result, plaintiffs were and are deprived of the opportunity to enjoy full and equal access to the performance for which they had paid and to participate fully in the program of live outdoor theatre at the Woodminster.

23. Plaintiffs desire to return to the theatre but have been deterred by the knowledge that they will not be able to obtain such auxiliary aids and services to facilitate their enjoyment of future performances.

24. Such denial of effective communication and auxiliary aids and services in a public accommodation and business establishment constitute disability discrimination under Title II of the Americans with Disabilities Act, The Rehabilitation Act of 1973, the Unruh Civil Act and the Disabled Persons Act, among other state and federal laws. Further, the circumstances of this case demonstrate a deliberate indifference to Plaintiffs' federally protected rights.

**FIRST CAUSE OF ACTION:**

**DISCRIMINATION IN VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

25. Plaintiffs replead and incorporate by reference, as if fully set forth hereafter, the allegations contained in Paragraphs 1 through 24 of this Complaint and incorporate them herein.

26. Effective January 26, 1992, plaintiffs were and are entitled to the protections of the "Public Services" provision of Title II of the Americans with Disabilities Act of 1990. Title II, Subpart A prohibits discrimination by any "public entity," including any state or local government, as defined by 42 USC § 12131, § 201 of the ADA.

27. Pursuant to 42 USC § 12132, Section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity. Plaintiffs were at all times relevant herein qualified individuals with disabilities as therein defined.

28. The ADA defines "auxiliary aids and services" as "qualified interpreters or other effective methods of making aurally delivered materials available to individuals with hearing impairments," 42 U.S.C. § 12103(1)(A). Implementing regulations specify that open and closed captioning are auxiliary aids and services within the meaning of the ADA. 28 C.F.R. § 36.303(b)(1).

29. Prohibited discrimination by a place of public accommodation under the ADA includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii).

30. Defendant's provision of assistive-listening devices and other auxiliary aids and services is necessary under the ADA, but those aids and services alone are insufficient to satisfy its obligation that *no individual* with a disability be denied services. Thus, even if defendant were to provide assistive listening devices, they would still be in violation of the ADA by refusing to add

open or closed captioning to the menu of aids and services offered.

32. The defendant governmental entity has failed in its responsibilities under Title II to provide its services, programs and activities in a full and equal manner to disabled persons as described hereinabove, including failing to ensure that patrons with hearing loss are provided with necessary auxiliary aids and services and provided effective communication to allow such patrons, including plaintiffs herein, to enjoy performances at the Woodminster to the same extent as patrons without such disability and/or to modify its programs, services and activities to make them accessible to disabled persons, including plaintiffs. As a proximate result of defendants' actions and omissions, defendants have knowingly and intentionally discriminated against plaintiffs, in violation of Title II of the Americans With Disabilities Act of 1990, and of the regulations adopted to implement the ADA.

32. Plaintiffs also seek injunctive relief to require defendant to provide accessible services, and to provide all remedies, including damages, statutory attorney fees, litigation expenses and costs, including those remedies specified by §§ 203 and 505 of the Americans With Disabilities Act of 1990, California Civil Code §§ 54, 54.1, 54.3 and 55, and by California Code of Civil Procedure § 1021.5, according to proof.

33. Plaintiffs seek injunctive relief to prohibit the acts and omissions of defendants as complained of herein which have the effect of wrongfully discriminating against plaintiffs and other members of the public who are physically disabled, including those patrons with hearing loss from full and equal access to these public facilities. Such acts and omissions were the cause of humiliation and physical, mental, and emotional suffering of plaintiffs in that these actions treated plaintiffs as an inferior and second-class citizen and served to discriminate against them on the sole basis that they were and are persons with disabilities and require the use of assistive listening devices and auxiliary aids and services to enjoy the performance.

34. Plaintiffs are currently deterred from using the subject facilities and will be unable to achieve equal access to services and facilities at the Woodminster so long as such acts and omissions of defendants continue. The acts of defendants have proximately caused irreparable

injury to plaintiffs and will continue to cause irreparable injury to plaintiffs and to other disabled persons if not enjoined by this Court.

35. Plaintiffs request that an injunction be ordered requiring that defendants take prompt action to modify the aforementioned policies and public facilities to render them accessible to and usable by plaintiff, and thereby make its governmental program of outdoor live theatre accessible to and usable by physically disabled persons.

36. Wherefore, plaintiffs pray the Court grant relief as requested hereinbelow.

## SECOND CAUSE OF ACTION:

## VIOLATION OF § 504 OF THE REHABILITATION ACT OF 1973

37. Plaintiffs replead and incorporates by reference, as if fully set forth hereafter, the allegations contained in Paragraphs 1 through 36 of this Complaint and incorporate them herein.

38. The public entity defendants, including the City of Oakland, are each a governmental entity existing under the laws of the State of California with responsibility for, *inter alia*, the described public facilities, including but not limited to policies for ticketing, stage directing, stage managing, and other presentation aspects of the performances of programs in the "Woodminster Summer Musicals" which defendants know are regularly used by physically disabled persons, including those with hearing loss.  Plaintiffs are informed and believe and thereupon allege that defendants are and have been at all relevant times the recipient of federal financial assistance, and that part of that financial assistance has been used to fund the operations, construction and/or maintenance of the specific public facilities described herein and the activities that take place therein.

39. By their actions or inactions in denying disabled accessible facilities at the public facilities specified herein, defendants have violated plaintiff's rights under § 504 of the Rehabilitation Act of 1973, 29 USC § 794, and the regulations promulgated thereunder.   By their actions or inactions in denying to plaintiffs, disabled persons, their rights to have "full and equal" access to the same programs, activities, services, and environment as non-disabled persons, and

by otherwise discriminating against plaintiffs solely by reason of their physical disability, defendants have violated plaintiffs' rights under § 504 of the Rehabilitation Act of 1973 and the regulations promulgated thereunder.  Plaintiffs seek damages for denial of their civil rights, for interference with their right to accessible public accommodations and services, and for resulting physical, mental and emotional injury, all to their damages according to proof.  Further, plaintiffs seek injunctive relief, requesting that the Court order defendants to correct the policy and access deficiencies complained of herein so that they and other disabled persons will not face discrimination in the future in accessing the public accommodations in the subject public facility on the same basis as non-disabled persons, and seeks recovery of all relevant damages, statutory attorney fees, litigation expenses and costs.

40. Plaintiffs have no adequate remedy at law and, unless the relief requested herein is granted, plaintiffs and other disabled persons will continue to suffer irreparable injury by the deprivation of meaningful access and accommodation at the subject public facilities operated by defendants.

Wherefore, plaintiffs pray the Court grant relief as requested hereinbelow.

# THIRD CAUSE OF ACTION:
# VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED
# BY CIVIL CODE SECTION 51(f)

41. Plaintiffs replead and incorporate by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 40 of this Complaint and incorporate them herein.

42. At all times relevant to this complaint, California Civil Code § 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

All persons within the jurisdiction of this state are free and equal, and no matter what their

sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever. Cal. Civ. C. § 51(b).

California Civil Code § 52 provides that the discrimination by defendants against plaintiffs on the basis of their disability constitutes a violation of the general anti-discrimination provision of §§ 51 and 52.

43. Defendants' discrimination constitutes a separate and distinct violation of California Civil Code § 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

44. The actions and omissions of defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code §§ 51 and 52.  As a proximate result of defendants' action and omissions, defendants have discriminated against plaintiffs in violation of Civil Code §§ 51 and 52.

45. Any violation of the Americans With Disabilities Act of 1990 (as pled in the First Cause of Action) also constitutes a violation of California Civil Code § 51(f) thus independently justifying an award of damages and injunctive relief pursuant to California law.  Per § 51(f), "A violation of the right of any individual under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

46. Plaintiffs have no adequate remedy at law and, unless the relief requested herein is granted, plaintiffs and other disabled persons will continue to suffer irreparable harm as a result of defendants' failure to fulfill its obligations to provide meaningful access to the subject public facilities.

47. Wherefore plaintiffs ask this Court to preliminarily and permanently enjoin any continuing refusal by defendants to grant full and equal access to plaintiffs in the respects complained of and to require defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided for a violation of California Government Code §§ 4450 *et seq.*, for causing a denial of rights by disabled persons, by California Civil Code § 51 *et seq.* Plaintiffs allege that defendants, including the City of Oakland, have failed to provide legally required access to the Woodminster and its facilities, and further requests that the Court award damages pursuant to Civil Code § 52, and attorney fees, litigation expenses and costs pursuant to Government Code §§ 4450 *et seq.*, Civil Code § 52(a), Code of Civil Procedure § 1021.5 and other law, all as hereinafter prayed for.

48. As a result of the denial of equal access to these facilities and due to the acts and omissions of defendants in owning, operating, leasing, constructing, altering and maintaining the subject facilities, plaintiffs have suffered multiple violations of their civil rights, including but not limited to rights under California Civil Code §§ 51 and 52, all to their damage per Civil Code § 52(a), as herein stated. Defendants' actions and omissions to act constitute discrimination against plaintiffs on the sole basis that they were and are physically disabled and unable, because of the physical and policy barriers created and/or maintained by defendants in violation of the subject laws, to use these public facilities and enjoy this program on a full and equal basis as other persons.

49. As a result of defendants' acts, omissions and conduct, plaintiffs have been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code §§ 51, 52 and 55 and California Government Code §§ 4450 *et seq*. Additionally, plaintiff's lawsuit is intended to require that defendants make their facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil

Procedure § 1021.5 and other applicable law.

Wherefore, plaintiff prays the Court grant relief as requested hereinbelow.

## FOURTH CAUSE OF ACTION:

## VIOLATION OF CALIFORNIA LAW INCLUDING: SECTIONS 54 and 54.1,GOVERNMENT CODE §§ 4450, ET SEQ., AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CALIFORNIA CIVIL CODE SECTIONS 54(c) AND 54.1(d)

50. Plaintiffs replead and incorporate by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 51 of this Complaint and incorporates them herein.

51. At all times relevant to this Complaint, California Civil Code § 54.1 has provided that physically disabled persons are not to be discriminated against because of physical handicap or disability in the use of a public accommodation:

> . . . [P]hysically disabled persons shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities and privileges of all common carriers, airplanes, motor vehicles.. . . or any other public conveyances or modes of transportation, telephone facilities, hotels, lodging places, places of public accommodation, and amusement or resort, and other places to which the general public is invited, subject only to the conditions or limitations established by law, or state or other federal regulations, and applicable alike to all other persons.

Further, Civil Code § 54(a) has at all times relevant stated:

> (a) Individuals with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places.

52. The discrimination by defendants against plaintiffs on the basis of their disability constitutes a violation of the general anti-discrimination provision of Civil Code §§ 54 and 54.1.

53. Plaintiffs are informed and believe and therefore allege that the specified public facilities owned and maintained by defendants are structures or related facilities within the meaning of California Government Code §§ 4450 and 4451.  Plaintiff is further informed and believes and therefore alleges that the defendants have constructed, altered, or repaired parts of the subject public property, structure and facilities since 1968 within the meaning of Government

Code §§ 4450 *et seq.*, including § 4456, thereby requiring provision of access to persons with disabilities, as required by law. Defendants have also violated California Civil Code §§ 54 and 54.1 by their refusal to provide access and policies, as above described. The actions and omissions of defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of Government Code §§ 4450 *et seq*. As a proximate result of defendants' action and omissions, defendants have discriminated against plaintiff in violation of Government Code §§ 4450 *et seq.*, and of Title 24-2 regulations adopted to implement § 4450. A violation of §§ 4450 *et seq.* constitutes a violation of California Civil Code §§ 54 and 54.1.

54. Any violation of the Americans With Disabilities Act of 1990 (as pled in the First Cause of Action) also constitutes a violation of California Civil Code §§ 54 (c) and 54.1(d), thus independently justifying an award of damages pursuant to California law. Plaintiff alleges that she has been denied such full and equal access as required by California law which incorporates Title II of the ADA, including but not limited to §§ 201-204.

55. Further, California Civil Code § 54 *et seq.* provides that any person or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in §§ 54 and 54.1 or otherwise interferes with the rights of an individual with a disability is liable for each offense for the actual damage and any amount as may be determined by a court or jury up to a maximum of three times the amount of actual damage but in no case less than $1,000 and such attorney fees that may be determined by the Court in addition thereto.

56. Plaintiffs allege that defendants failed to provide legally required access at Woodminster and its related facilities and requests that the Court award damages pursuant to Civil Code § 54.3 and attorney fees, litigation expenses and costs pursuant to Civil Code §§ 54.3, all as hereinafter prayed for.

Wherefore, plaintiffs pray the Court grant relief as requested hereinbelow.

///

///

///

## FIFTH CAUSE OF ACTION:

## VIOLATION OF CALIFORNIA GOVERNMENT CODE § 11135,

## DISCRIMINATION UNDER PROGRAM RECEIVING

## FINANCIAL ASSISTANCE FROM THE STATE

57. Plaintiffs replead and incorporate by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 56 of this Complaint.

58. On information and belief, the administration, supervision and maintenance by defendants City of Oakland and Does 1 through 10, of the property, structure and facilities that are the subject of the action are funded in part by the State of California.

59. Defendants, including the City of Oakland and Does 1-10, have failed to make their programs, services and activities readily accessible to and useable by disabled persons in violation of California Government Code §§ 11135 *et seq.* Government Code § 11135 states:

§ 11135. Programs or activities funded by state; discrimination on basis of ethnic group identification, religion, age, sex, color, or disability; federal act; definition.

No person in the State of California shall, on the basis of ethnic group identification, religion, age, sex, color, or disability, be unlawfully denied the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is funded directly by the state or receives any financial assistance from the state. With respect to discrimination on the basis of disability, programs and activities subject to subdivision (a) shall meet the protections and prohibitions contained in Section 202 of the Americans With Disabilities Act of 1990 (42 U.S.C. Sec. 12132), and the federal rules and regulations adopted in implementation thereof, except that if the laws of this state prescribe stronger protections and prohibitions, the programs and activities subject to subdivision (a) shall be subject to the stronger protections and prohibitions.

60. Plaintiffs have no adequate remedy at law and, unless the requested relief is granted, plaintiffs and other disabled persons will suffer irreparable harm in that they will continue to be discriminated against and denied access to and accommodation within the subject facilities, and denied the benefits of the "programs, services and activities" offered to the general public. Further, plaintiffs suffered damages, as specified, as the result of denial of their civil

rights when she tried to use these facilities, according to proof.  Because plaintiff seeks improvement of access for similarly situated physically disabled persons, which will benefit a significant portion of the public, plaintiffs also seek attorney fees, litigation expenses and costs pursuant to California Code of Civil Procedure § 1021.5, as to this cause of action and as to all causes of action in this complaint that seek injunctive relief.

Wherefore, plaintiffs pray the Court grant relief as requested hereinbelow.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that this Court:

1. Under the First, Second, Third and Fifth Causes of Action to issue a preliminary and permanent injunction directing defendants, including the City of Oakland, to modify the subject public facilities and its policies and practices, so that they provide full and equal access to persons with hearing loss; and to maintain such accessible facilities, policies and procedures once they are provided, and

2. To retain jurisdiction over defendants, including the City of Oakland, until such time as the Court is satisfied that defendants' unlawful policies, practices, acts and omissions complained of herein no longer exist, and will not recur;

3. Under the First, Third and Fourth Causes of Action to grant a jury trial and award to plaintiff all appropriate damages in an amount to be proved at trial, including compensatory, general, statutory, and treble damages;

4. Under all Causes of Action to award to plaintiffs all costs of this proceeding and award all statutory remedies including statutory attorney fees, litigation expenses and costs, as provided by law;

5. Under all Causes of Action to award prejudgment interest pursuant to California Civil Code § 3291; and

///

///

///

6. Grant such other and further relief as this Court may deem just and proper.

Date: July 23, 2018                         DERBY, McGUINNESS & GOLDSMITH, LLP

                                            <u>       */s/ Steven L. Derby*                    </u>
                                            By:    STEVEN L. DERBY, Esq.
                                                   Attorneys for Plaintiffs

**DEMAND FOR JURY**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Date: July 23, 2018                                 DERBY, McGUINNESS & GOLDSMITH, LLP

By:  */s/ Steven L. Derby*
     STEVEN L. DERBY, Esq.
     Attorneys for Plaintiffs SUSAN JEFFRIES and GEORGE FITZGERALD